L. L. STANCHFIELD *vs.* EGBERT P. SARTELL.

July 13, 1886.

**Logs—Log-Mark as Evidence of Title.**—The statute (Gen. St. 1878, c. 32, § 27,) relating to the title of the owner of logs, the log-marks upon which have not been recorded, *held* inapplicable to affect the title of the owner of certain logs, or his power to dispose of the same; it not being shown that the logs were not in the actual possession and control of such owner, or that they were so situated as to be liable to become intermingled with other logs.

Appeal by defendant from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial.

*Oscar Taylor,* for appellant.

*Boardman & Ferguson,* for respondent.

DICKINSON, J. This case is before us upon a bill of exceptions. The action is upon a note or due-bill of the defendant, given to the plaintiff for the purchase price of a quantity of logs sold by plaintiff to the defendant. The defence rests upon an alleged want of title in the plaintiff to the greater part of the logs sold. The sole question presented for determination relates to the effect under the statute, as respects the title of the plaintiff, of the fact that the log-marks had not been recorded in the office of the surveyor general at the time when the sale was made to the defendant. It is stipulated that, "if

plaintiff can recover from defendant for the logs sold, it appearing that the same bore log-marks unrecorded in the said surveyor general's office, then there is evidence herein sufficient to sustain the verdict."

The statute referred to is the latter part of Gen. St. 1878, c. 32, § 27, which is as follows: "Any logs or timber cut in this state, or coming into this state in the First district, at any point on the lake or river St. Croix above the city of Stillwater, the marks of which are not recorded in the district in which they were cut, or into which they may come, and all logs or timber not bearing any distinctive mark, shall not, in favor of the person who has cut the same, or who claims to be the owner thereof, be recognized, deemed, or held, in any of the courts of this state, to be the property of any such person, for any purpose whatever, in any action or proceeding." The respondent contends that this statute is unconstitutional. But it is unnecessary for the decision of this case for us to consider whether, as applied to any possible circumstances falling within the purpose and scope of the statute, it would be unconstitutional.

In *Plummer* v. *Mold*, 14 Minn. 403, (532,) it was held that the statute was not intended to apply to logs on land, and in the actual possession of the owner. It was considered that the statute was directed to purposes connected with the floating or driving of logs upon waters which were a common highway. Adopting that decision, little remains to be considered in this case. The mere fact that the log-mark was unrecorded, was insufficient to bring the case within the operation of this statute, or to establish affirmatively a defect in the title acquired by the sale.

Under some circumstances—such, for instance, as those existing in the case of *Plummer* v. *Mold, supra*—the statute would be inapplicable, and the owner selling his logs would confer a good title. If the circumstances of the present case were such as to bring it within the operation of the statute, so that the title of the plaintiff, or his power to dispose of the property, was in any way affected, it was incumbent upon the defendant to show such circumstances; for he held the affirmative of this issue as to the want of consideration, and the record here should show that such a case was presented.

The record does not show the situation of the logs at the time of the sale. In the answer it is averred that they were then "lying and being upon and near the banks of Platte river, near its mouth." It is not claimed that they were being driven or floated in the current of that stream, or that they were not completely within the actual possession and control of the owner. If we take the fact to have been as alleged in the answer, it is insufficient to show the applicability of the statute, so as to limit or affect the title of the owner, or his power of disposition. As to logs upon the bank, the case would be within the decision in *Plummer* v. *Mold*. We see no reason why a different rule should apply as to logs actually in the water of the river, under some circumstances which may be readily supposed to have existed; as, if they were confined in a bight or inlet of the river upon the plaintiff's land, inclosed by booms apart from the channel of the river, or otherwise so situated that they could not float into the stream, or become intermingled with other logs for the floatage of which the common highway might be used. Under such circumstances, the case not being of a nature to involve the evils to which the statute was directed, the general law relating to the ownership and transfer of property would operate without qualification from this statute. In brief, this statute does not apply to affect the title or power of disposition of all logs, however situated; and, so far as appears, this property was not within the purpose or operation of it.

Order affirmed.